IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD CURRAN, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 11-5894 |
| v. | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

DuBois, J.                                                                                                          November 9, 2012

**M E M O R A N D U M**

**I.     INTRODUCTION**

This is an action seeking review of the final decision of the Social Security Commissioner ("Commissioner") denying plaintiff Richard Curran's claims for Disability Insurance Benefits. The Court referred the case to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R & R"). Magistrate Judge Rapoport issued an R & R, recommending that Plaintiff's Motion for Summary Judgment or, in the Alternative, Plaintiff's Motion for Remand be denied. Plaintiff filed Objections to the R & R.

For the reasons that follow, plaintiff's Objections to the R & R are sustained in part, overruled in part, and dismissed in part. The R & R is rejected in part, and approved and adopted in part. The Court grants Plaintiff's Motion for Remand and remands the case to the Commissioner for further proceedings consistent with this Memorandum. Plaintiff's Request for Review is granted to the extent it seeks a remand and is denied in all other respects. Plaintiff's

Motion for Summary Judgment is denied.[1]

## II. BACKGROUND

The background of this case is set forth in detail in the Magistrate Judge's R & R and will be recited in this Memorandum only as necessary to address the issues presented by Curran's Objections.

Curran filed for Disability Insurance Benefits based, <u>inter alia</u>, on a shoulder injury and depression. Administrative Law Judge Linda Bernstein held a hearing and found that Curran was not disabled. The case concerns three aspects of the ALJ's decision: (A) her conclusion that Curran has a limited ability to reach overhead; (B) her determination that Curran's depression is not "severe;" and (C) her questioning of a vocational expert.

### A. <u>Shoulder Injury and Reaching</u>

The ALJ concluded that Curran's shoulder injury is "severe." (R. 16.) When assessing his residual functional capacity ("RFC"), she limited him to sedentary work without overhead reaching. (R. 21, 25.) However, she determined that there are jobs that exist in significant numbers in the national economy that Curran can perform and found him "not disabled." (R. 25-27.)

Curran argued in his motion for summary judgment that the ALJ's limitation on only overhead reaching was not supported by substantial evidence. (Mot. Summ. J. 4-10.) He asserted that the limitation should have included reaching in all directions. (<u>Id.</u>) Magistrate

---

[1] In the last sentence of Defendant's Response to Request for Review of Plaintiff, defendant writes, "The Commissioner respectfully requests that the Court grant his motion for summary judgment." No such motion was filed, and this sentence is the only reference to defendant's own motion for summary judgment. To the extent that defendant is moving for summary judgment in his response, that motion is denied.

Judge Rapoport rejected that argument, concluding that Curran's ability to reach is irrelevant because sedentary work does not require reaching. (R & R 17-18.) Curran objects to that conclusion.

B.   Depression

The ALJ found that Curran had mild functional limitations in (1) daily living, (2) social functioning, and (3) concentration, persistence, or pace. (R. 18-19.) However, she concluded that his mental impairment was not severe and that he therefore was "not disabled." (R. 18-19.) Curran asserted that this determination was not based on substantial evidence (Mot. Summ. J. 4-10.) – an argument Magistrate Judge Rapoport rejected. (R & R 20-23.) Curran objects to the Magistrate Judge's conclusion.

C.   Questioning the Vocational Expert

The ALJ held a hearing and asked the vocational expert whether a person could perform sedentary work if he were limited in overhead reaching. (R. 51.) The expert stated that a person so limited could perform such work, noting that "most of all sedentary work isn't really characterized by overhead work." (Id.) Based on this testimony, and in reliance on the Medical-Vocational Guidelines, the ALJ concluded that jobs which Curran can perform exist in substantial numbers in the national economy. (R. 26.)

Curran argued in his motion for summary judgment that the ALJ's conclusion was not based on substantial evidence. (Mot. Summ. J. 13-15.) He contended, in part, that the ALJ's hypothetical was insufficient because it did not include Curran's mental limitations. (Id. 14-15.) Without addressing this aspect of Curran's argument, Magistrate Judge Rapoport determined that the ALJ properly relied on the Medical-Vocational Guidelines. (R & R 24-25.) Curran objects

to that conclusion as well.

### III. LEGAL STANDARD

Under the Social Security Act, a claimant is disabled if he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months." 42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505. The Commissioner uses a five-step analysis to evaluate disability claims. This requires the Commissioner to consider, in sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) if not, can perform other work in view of his age, education, and work experience. 20 C.F.R. § 404.1520; see also Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir. 1992).

Judicial review of the Commissioner's final decision is limited. This Court reviews the Commissioner's final decision to determine whether it applies the correct legal standards and is supported by substantial evidence. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); Przegon v. Barnhart, No. 04-5313, 2006 WL 562966, at *2 (E.D. Pa. Mar. 6, 2006). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Substantial evidence is more than a mere scintilla, but may be less than a preponderance." Przegon, 2006 WL 562966, at *2. "To determine whether a finding is supported by substantial evidence, [the Court] must review the record as a whole." Schaudeck v.

Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted).

A district court makes a de novo determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## IV. DISCUSSION

Curran makes four objections to the R & R. He argues that Magistrate Judge Rapoport erred in concluding (1) that Curran's ability to reach is irrelevant, (2) that the ALJ's determination that Curran's depression is not severe was supported by substantial evidence; (3) that the ALJ properly relied on the Medical-Vocational Guidelines; and (4) that the motion for summary judgment should be denied. The Court will address each in turn.

### A. Objection One: Reaching

Curran argues that Magistrate Judge Rapoport erred when he concluded that Curran's ability to reach is irrelevant and that the ALJ erred in finding that Curran is limited in only overhead reaching and not reaching in all directions. This Court concludes that Curran's ability to reach is relevant, but the ALJ's decision was based on substantial evidence and will not be disturbed.

#### (a) Relevancy of Reaching

Magistrate Judge Rapoport was incorrect in concluding that Curran's ability to reach is irrelevant. Reaching is a relevant "nonexertional" limitation.

"[L]imitations may be exertional, nonexertional, or a combination of both." 20 C.F.R. § 404.1569a(a). "Limitations are classified as exertional if they affect [one's] ability to meet the

5

strength demands of jobs." Id. "The classification of a limitation as exertional is related to the United States Department of Labor's classification of jobs by various exertional levels (sedentary, light, medium, heavy, and very heavy) in terms of the strength demands for sitting, standing, walking, lifting, carrying, pushing, and pulling." Id. "Limitations or restrictions which affect [one's] ability to meet the demands of jobs other than the strength demands . . . are considered nonexertional." Id. "[A]fter it has been decided that an impaired person can meet the primary strength requirements of sedentary, light, or medium work, . . . a further decision may be required as to how much of this potential occupations base remains concerning certain nonexertional limitations which the person might have." SSR 83-14.

Magistrate Judge Rapoport looked to Social Security Ruling 96-9p on "Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work" and concluded that sedentary work does not require reaching. (R & R 17-18.) He stated, "Nowhere does the ruling addressing a[n] RFC for less than a full range of sedentary work mention or discuss any erosion of sedentary occupational base due to a limitation on reaching . . . ." (Id. at 18.)

However, SSR 96-9p states, "Unskilled sedentary work also involves other activities, classified as 'nonexertional' . . . ." The ruling goes on to explain that "a nonexertional limitation is an impairment-caused limitation affecting such capacities as . . . reaching. . . ."

The Social Security Regulations and Social Security Rulings 83-14 and 85-15 demonstrate that reaching is a nonexertional limitation which must be considered. Reaching is listed as a nonexertional limitation in 20 C.F.R. § 404.1569a(c)(vi). Similarly, 20 CFR § 404.1545(b) states that a limited ability to perform certain demands of work activity, including reaching, may reduce one's ability to perform past or other work.

SSR 83-14 also lists reaching as a type of nonexertional requirement. It further references SSR 83-13 "[f]or additional discussions of nonexertional impairments." SSR 83-13 was superseded by SSR 85-15, which states that reaching is a nonexertional limitation and describes reaching in some detail. It explains that reaching is an activity "required in almost all jobs" and that "significant limitations of reaching . . . therefore, may eliminate a large number of occupations a person could otherwise do."

Thus, Curran's ability to reach is relevant in determining his RFC. The Court rejects the R & R with respect to this issue and Curran's first objection is sustained to the extent that it relates to whether reaching is relevant. The Court next turns to the question of whether the ALJ's determination was supported by substantial evidence.

   (b)  <u>Substantial Evidence</u>

The ALJ's finding that Curran is limited in reaching upward only, and not reaching in all directions, is supported by substantial evidence.

There is evidence in the record that Curran has a limited ability to reach. Much of this evidence does not specify in which directions he is so limited. Dr. Wilbert Warren in his RFC assessment marked a box that Curran had limitations in "reaching." (R. 254.) The form states, "please specify the nature and degree of any limitation," but an area for comments is left blank. (<u>Id</u>.) Curran in his Function Report marked a box that his condition affected his reaching and wrote, "Reaching really hurts." (R. 147.) In response to the question on Curran's Supplemental Functional Questionnaire, "What activities cause you pain," Curran wrote, "Reaching." (R. 151.) Finally, at his hearing, Curran stated, "[M]y shoulders stiffen up on me." (R. 43.)

In contrast, there is evidence which demonstrates that Curran's ability to reach is limited

only to overhead reaching. State agency medical consultant Lisa Ellenberger in her Physical RFC Assessment checked a box that Curran was limited in "[r]eaching all directions (including overhead)." (R. 257.) She then typed, "The claimant is only limited in reaching overhead left." (Id.) At the hearing, the ALJ asked, "So what is the problem with your shoulder," to which Curran responded, "I can't raise my hand." (R. 35.) Also at the hearing, Curran could keep his hands on the table, and pick up a glass with his left hand, but could not raise his hands. (R. 36.)

The ALJ's decision that Curran has a limited ability to reach upward (but not in other directions) was supported by substantial evidence. Curran's first objection, to the extent that it relates to whether the ALJ's determination was supported by substantial evidence, is therefore overruled.

B.  Objection Two: Depression

Magistrate Judge Rapoport concluded that the ALJ's finding that Curran's mental impairment was not severe was based on substantial evidence. Curran asserts that this conclusion is incorrect. The Court disagrees.

Curran points to the parts of the record that show the seriousness of his mental impairment. Specifically, he calls attention to several pieces of evidence: Curran was prescribed the antidepressants Elavil and then Remeron. (R. 292, 296.) He received a Global Assessment of Functioning score of 55, which indicates the presence of moderate symptoms or moderate difficulty in social or occupational functioning. (R. 18, 309.) Dr. Warren concluded, "I believe that [Curran] will benefit from a more extensive psychological evaluation." (R. 252.) Additionally, Curran argues that state agency psychologist Mark Hite's determination that Curran's mental impairment was nonsevere is unreliable because the assessment occurred before

8

Curran went to Wedge Medical Center. (See R. 17-18.)

The record also includes evidence which demonstrates that Curran's mental impairment is not severe: Hite determined that Curran's activities of daily living were not significantly limited and that his impairment was not severe. (R. 262, 274.) Curran stated in a Function Report that he had no problems getting along with his family, friends, neighbors, or others. (R. 147.) Curran also stated that he had no problems following spoken or written instructions. (Id.) Dr. Warren concluded that Curran had no suicidal ideation, his concentration was fine, and he was "oriented times three" with appropriate mood and affect. (R. 251.) The evidence is discussed in even more detail on pages 21 to 23 of the R & R.

In sum, the ALJ carefully considered all of the evidence, and the Court agrees with Judge Rapoport that the ALJ's determination with respect to plaintiff's depression was supported by substantial evidence. The Court approves and adopts the R & R with respect to this issue, and Curran's second objection is overruled.

C.      Objection Three: Reliance on the Medical-Vocational Guidelines

Curran argues that the ALJ's hypothetical to the vocational expert was insufficient because it did not include Curran's mental limitations. The Court agrees.

While the ALJ concluded that Curran's depression was not severe, she found that he has mild functional limitations in (1) daily living, (2) social functioning, and (3) concentration, persistence, or pace. (R. 18-19.) Her hypothetical to the vocational expert did not address these limitations. (R. 50-51.) "The law in the Third Circuit is very clear: a hypothetical question posed to a [vocational expert] must reflect all of a claimant's medically supported impairments." Washington v. Astrue, 2009 WL 855893, at *1 (E.D. Pa. Mar. 31, 2009) (emphasis in original);

9

see also Ramirez v. Barnhart, 372 F.3d 546, 554-555 (3d Cir. 2004). This requirement includes mild functional limitations. See Washington, 2009 WL 855893 at *1.

The ALJ's hypothetical to the vocational expert was incomplete. It should have addressed Curran's mild functional limitations. The Court rejects the R & R with respect to this issue. Curran's third objection is sustained and the case is remanded for further consideration of whether Curran's mental impairments limit the amount of work he can perform.

D. Objection Four: Final Recommendation

Finally, Curran objects to Magistrate Judge Rapoport's ultimate recommendation that Curran's motion for summary judgment should be denied. "General or blanket objections do not comply with [Federal] Rule [of Civil Procedure] 72(b) and need not be addressed by the district court. See, e.g., Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984) . . . ." Palmer v. Apfel, 995 F.Supp. 549, 552 n.4 (E.D. Pa. 1998). The Court dismisses Curran's fourth objection as impermissibly general.

V. CONCLUSION

For the reasons set forth above, Curran's first objection is sustained in part and overruled in part. His second objection is overruled, and his fourth objection is dismissed. His third objection is sustained and requires a remand to the Commissioner for further proceedings consistent with this Memorandum. The remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g). Judgment is entered in favor of plaintiff and against the Commissioner. Appropriate orders follow.